UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GILBERTO HERNANDEZ,

                    Plaintiff,                    **COMPLAINT**

       -against-


THE CITY OF NEW YORK,
JOHN AND JANE DOES 1-5,

                    Defendants.
------------------------------------------------------x

The plaintiff, GILBERTO HERNANDEZ by his attorney, VIK PAWAR, ESQ., complaining of the defendants respectfully alleges, upon information and belief: Plaintiff brings this lawsuit under 42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of his rights under the U.S. Constitution. Plaintiff invokes the Court's supplemental jurisdiction under Section 1367 for his state law claims.

1. Plaintiff GILBERTO HERNANDEZ is a resident of New York County and State of New York.

2. Defendant CITY OF NEW YORK ("CITY") is a municipal corporation who oversees the NYPD.

3. Defendants JOHN and JANE DOES 1-5 are/were NYPD officers at the time of the incident.

4.      Plaintiff is a disabled individual. He is partially blind, has amputation of his toes, and suffers from various ailments.

5.      On August 31, 2025, at approximately 7 p.m., plaintiff was near his home around Sherman Avenue and walking back from the park on Dykman street.

6.      Because plaintiff is disabled, he sat on a bench to rest.

7.      There was an event at a nearby park, but plaintiff was not a participant.

8.      However, there was a heavy police presence during this one particular summer evening.

9.      As plaintiff sat on a bench and rested, JOHN and JANE Doe 1-5 approached him and demanded to know what plaintiff was doing in the area.

10.     Plaintiff responded that he was simply resting before he heads home.

11.     Unconvinced by plaintiff's responses and even though plaintiff had not committed a crime or a violation, defendants asked for his identification.

12.     Plaintiff informed the defendants about his disabilities, but defendants simply ignored him.

13.     Plaintiff stated that he did not have an identification on him and that if defendants could accompany him to his home, he could provide them with it.

14.     Despite this, defendants proceeded to detain plaintiff shackling his arms and feet.

15.     When they arrived at the precinct, plaintiff was processed, fingerprinted, and had his mugshot taken as if he was a criminal.

16.     Plaintiff requested that he be permitted to seek medical attention because he was having trouble breathing.

17.     Defendnats after an extended period, while plaintiff suffered, finally took him to the hospital.

18.     After plaintiff was seen by medical providers, he was brought back to the precinct and held for over 34 hours before the DA's office declined to prosecute him.

19.     Plaintiff has complied with the notice of claims requirement by duly serving a notice of claim, volunteering to appear for a 50-h hearing and commencing this action within one year and ninety days from the date of the incident. The CITY has failed to or otherwise ignored to settle or adjust these claims.

## AS AND FOR THE FIRST CAUSE OF ACTION
(False Arrest/Seizure under 42 U.S.C. 1983)

20.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

21.     Defendants JOHN and JANE DOES 1-5 unlawfully seized and arrested plaintiff.

22.     As a result of defendants' conduct plaintiff suffered constitutional injuries.

**AS AND FOR THE SECOND CAUSE OF ACTION**
(Respondeat Superior liability under the laws of the State of New York)

23.    Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

24.    Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused plaintiffs irreparable physical and emotional injuries.

**AS AND FOR THE THIRD CAUSE OF ACTION**
(Municipal Liability against the CITY for Monell and ADA)

25.    Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

26.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27.    The aforementioned customs, usages, and practices of the CITY included, but were not limited to, arresting, assaulting individuals suspected of crimes without due process. In addition, the CITY engaged in a custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees, which was the moving force behind the violation of Plaintiff's rights as described herein.

28.    In addition, the Defendant's superior officers whose duty was to review and screen all arrests for propriety upon presentation by the officer seeking to make an arrest routinely ratified such arrests without questioning the facts underlying same.

29.    Furthermore, the individual defendants have a practice and custom of ignoring the mandates of the patrol guide, which requires them to prepare several forms before, and after an

arrest is made. As a result of the failure of the CITY to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to the acts and conduct complained of herein

30. This lack of inaction is a defacto policy that led to violation of plaintiff's constitutional rights.

31. Lastly the NYPD does not have a policy when dealing with individuals who suffered from disabilities and such lack of policy is in violation of the ADA.

### AS AND FOR THE FOURTH CAUSE OF ACTION
(Unlawful imprisonment)

32. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

33. Defendants JOHN and JANE DOES 1-5 confined plaintiff.

34. Plaintiff was aware of his confinement and did not consent to the confinement which was neither privileged nor lawful.

35. As a result of defendants' conduct plaintiff suffered injuries.

### AS AND FOR THE FIFTH CAUSE OF ACTION
(Assault and Battery)

36. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

37. The DOE Defendants committed acts that caused harm to plaintiff.

38. The DOE Defendants intended to inflict injury or pain on plaintiff.

39. As a reason of the assault by the DOE Defendants plaintiff was apprehensive and suffered physical and emotional injuries.

## AS AND FOR THE SIXTH CAUSE OF ACTION
(Harassment)

40.    Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

41.    The DOE and/or named Defendants intended to harass, annoy or alarm plaintiff.

42.    These defendants acted in a way that caused plaintiff to be harassed, annoyed and alarmed.

43.    As a result of their conduct, plaintiff suffered and continues to suffer mental and physical injuries.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

44.    Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

45.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

46.    The aforementioned conduct was committed by DOE Defendants while acting within the scope of their employment by Defendant City.

47.    The aforementioned conduct was committed by DOE Defendants while acting in furtherance of their employment by Defendant City.

48.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

49.    As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of New York)

50.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

51.     Defendant City owed a duty to individuals like plaintiff to properly screen, train, hire and then appropriately discipline its employees.

52.     Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining, and retention of the aforesaid individual DOE Defendants who conducted and participated in the violation of Plaintiffs rights.

53.     As a result, plaintiff suffered injuries.

## AS AND FOR A NINETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

54.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

55.     Defendant City owed a duty to individuals like plaintiff.

56.     Defendant City breached its duty when individual DOE Defendants engaged in and participated in the violation of Plaintiffs rights.

57.     As a result, plaintiff suffered injuries.

58.     Plaintiffs physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

WHEREFORE, Plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

a    Full and fair compensatory damages in an amount Two Hundred Thousand Dollars for each and every cause of action for each plaintiff against defendants (individually or collectively) or as determined by a jury;

b    Punitive damages in an amount to be determined by a jury;

c    Reasonable attorney's fees and the costs, expenses and disbursements of the action; and

d    Such other and further relief as appears just and proper.


Dated:   January 6, 2026
         New York, New York 10007


                                        Respectfully,


                                        */s Vik Pawar*
                                        Vik Pawar Law
                                        20 Vesey Street, Suite 500
                                        New York, New York 10007
                                        212 571 0805
                                        www.pawarlaw.com